**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| REBECCA DUDA ) | | CASE NO. |
| 37 S Hartford Street ) | | |
| Centerburg, Ohio 43011, ) | | JUDGE: |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **COMPLAINT FOR DAMAGES** |
| ) | | **AND INJUNCTIVE RELIEF** |
| NOT A PIZZA COMPANY LLC ) | | |
| c/o Jared Jacobus ) | | **JURY DEMAND ENDORSED** |
| 7 W Main Street ) | | **HEREIN** |
| Centerburg, Ohio 43011 ) | | |
| ) | | |
| -and- ) | | |
| ) | | |
| JARED JACOBUS ) | | |
| 3363 Green-Cook Road ) | | |
| Johnstown, Ohio 43031 ) | | |
| ) | | |
| Defendant. ) | | |

Plaintiff, Rebecca Duda, by and through undersigned counsel, as her Complaint against Defendants Not A Pizza Company LLC d/b/a Longbranch Pizza ("Longbranch") and Jared Jacobus, states and avers the following:

**PARTIES, VENUE, & JURISDICTION**

1. Duda is a resident of the village of Centerburg, Knox County, Ohio.

2. At all times herein, Duda was acting in the course and scope of her employment.

3. Longbranch is a domestic limited liability company that does business at 7 W Main Street, Centerburg, Knox County, Ohio 43011.

4. Longbranch is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. Jacobus is the owner of Longbranch.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Duda is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 2000e ("Title VII").

7. All material events alleged in this Complaint occurred in Knox County, Ohio.

8. This Court has supplemental jurisdiction over Duda's state law claims pursuant to 28 U.S.C. § 1367 as Duda's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. Within 300 days of the conduct alleged below, Duda filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-01538 against Longbranch ("Duda EEOC Charge").

11. On or about November 5, 2020, the EEOC issued and mailed a Notice of Right to Sue letter to Duda regarding the Charges of Discrimination brought by Duda against Longbranch in the Duda EEOC Charge.

12. Duda received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

13. Duda has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. Duda has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

15. Duda is a former employee of Longbranch.

16. In or about June 2018, Duda began working for Longbranch.

17. Longbranch initially employed Duda as a cook.

18. In or about November 2018, Longbranch promoted Duda to the position of manager.

19. Duda is female.

20. Duda is 28 years old.

21. Jared Jacobus is the owner of Longbranch.

22. Jacobus is male.

23. Jacobus is 35 years old.

24. Jacobus was in charge of hiring decisions at Longbranch.

25. Jacobus was not involved in the decision to hire Duda.

26. During Duda's time working at Longbranch, Jacobus hired more than 20 employees.

27. During Duda's time working at Longbranch, Jacobus hired only two male employees.

28. During Duda's time working at Longbranch, Jacobus hired more than 18 female employees.

29. During Duda's time working at Longbranch, Jacobus only hired one female employee over age 30.

30. During Duda's employment at Longbranch, Jacobus winked at Duda at work on more than 20 occasions ("Winking").

31. Jacobus winked at other female employees at work.

32. Jacobus did not wink at male employees at work.

33. The Winking was unwelcome to Duda.

34. Jacobus touched Duda's face at work on at least three occasions ("Touching").

35. Jacobus touched other female employees' faces at work.

36. Jacobus did not touch male employees' faces at work.

37. The Touching was unwelcome to Duda.

38. Jacobus flirted with Duda at work nearly every day ("Flirting").

39. Jacobus flirted with other female employees at work.

40. Jacobus did not flirt with male employees at work.

41. The Flirting was unwelcome to Duda.

42. Jacobus made late-night phone calls to Duda approximately once a week ("Late-Night Phone Calls").

43. The Phone Calls were not about work.

44. Jacobus made late-night phone calls to other female employees.

45. Jacobus did not make late-night phone calls to male employees.

46. The Late-Night Phone Calls were unwelcome to Duda.

47. Hereinafter, the Winking, the Touching, the Flirting, and the Late-Night Phone Calls are collectively called the "Sexual Advances."

48. Jacobus made the Sexual Advances because of Duda's gender.

49. The Sexual Advances constituted sexual harassment.

50. The Sexual Advances were severe.

51. The Sexual Advances were pervasive.

52. The Sexual Advances were unwelcome to Duda.

53. The Sexual Advances established a hostile work environment.

54. The hostile work environment established by the Sexual Advances constituted an adverse employment action.

55. Submission to the Sexual Advances was an actual or implied condition of Duda's continued employment at Longbranch.

56. Jacobus did the Sexual Advances intentionally.

57. Jacobus did the Sexual Advances willfully.

58. Jacobus is the owner of Longbranch.

59. Jacobus was Duda's immediate superior at Longbranch.

60. Longbranch does not have a human resources department.

61. Longbranch does not have a sexual harassment policy.

62. Longbranch does not have a designated person to whom employees are instructed to report harassment.

63. On or about June 11, 2019, Jacobus made a Late-Night Call to Duda ("June 11 Call").

64. The June 11 Call was not related to Duda's work duties.

65. In the June 11 Call, Duda rebuffed Jacobus's sexual advances.

66. Duda opposed sexual harassment.

67. In the June 11 Call, Duda attempted to change the subject to work.

68. On or about June 12, 2019, Jacobus terminated Duda's employment ("Termination").

69. The Termination was an adverse employment action.

70. The Termination was an adverse action.

71. On or about June 12, 2019, Jacobus informed Duda about the Termination.

72. On or about June 12, 2019, Jacobus alleged that the reason for the Termination was attendance ("Termination Excuse").

73. The Termination Excuse was not the real reason for the Termination.

74. The Termination Excuse was not a sufficient basis to justify the Termination.

75. The Termination Excuse was pretextual.

76. Longbranch has a progressive disciplinary policy ("Discipline Policy").

77. A verbal warning is the lowest level of discipline in the Discipline Policy.

78. Duda did not receive a verbal warning before the Termination.

79. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

80. Duda did not receive a written warning before the Termination.

81. A termination is the highest level of discipline in the Discipline Policy.

82. Longbranch knowingly skipped progressive disciplinary steps in terminating Duda.

83. Longbranch knowingly terminated Duda's employment.

84. Longbranch knowingly took an adverse employment action against Duda.

85. Longbranch knowingly took an adverse action against Duda.

86. Longbranch intentionally skipped progressive disciplinary steps in terminating Duda.

87. Longbranch intentionally terminated Duda's employment.

88. Longbranch intentionally took an adverse employment action against Duda.

89. Longbranch intentionally took an adverse action against Duda.

90. Longbranch knew that skipping progressive disciplinary steps in terminating Duda would cause Duda harm, including economic harm.

91. Longbranch knew that terminating Duda would cause Duda harm, including economic harm.

92. Longbranch willfully skipped progressive disciplinary steps in terminating Duda.

93. Longbranch willfully terminated Duda's employment.

94. Longbranch willfully took an adverse employment action against Duda.

95. Longbranch willfully took an adverse action against Duda.

96. Longbranch terminated Duda's employment because she opposed sexual harassment.

97. Longbranch terminated Duda's employment because she rebuffed Jacobus's sexual advances.

98. As a direct and proximate result of Defendants' conduct, Duda suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT I:  HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEXUAL HARASSMENT, IN VIOLATION OF TITLE VII

**(Defendant Longbranch)**

99. Duda restates each and every paragraph of this Complaint as though it were fully restated herein.

100. Duda was subjected to unwelcome sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

101. Jacobus created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, inappropriate sexual gestures, and sexual advances.

102. Jacobus is the owner of Longbranch.

103. Longbranch's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of Title VII.

104. Jacobus's sexual harassment of Duda occurred while he was acting in the course and scope of his employment.

105. As a direct and proximate result of Longbranch's conduct, Duda suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT II:  HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEXUAL HARASSMENT, IN VIOLATION OF R.C. § 4112.01 *et seq.*

**(All Defendants)**

106. Duda restates each and every paragraph of this Complaint as though it were fully restated herein.

107. Duda was subjected to unwelcome sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

108. Jacobus created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, inappropriate sexual gestures, and sexual advances.

109. Jacobus is the owner of Longbranch.

110. Defendants' actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. § 4112.01 *et seq.*

111. Jacobus's sexual harassment of Duda occurred while he was acting in the course and scope of his employment.

112. As a direct and proximate result of Defendants' conduct, Duda suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### **COUNT III: QUID PRO QUO SEXUAL HARASSMENT IN VIOLATION OF TITLE VII**

**(Defendant Longbranch)**

113. Duda restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

114. During her employment, Duda was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors by her supervisor, Jacobus.

115. The harassment against Duda was based on her gender.

116. Duda's submission to the unwelcome sexual advances by Jacobus was an express or implied condition for receiving job benefits and/or continued employment.

117. Duda's rejected Jacobus's acts of sexual harassment.

118. Jacobus is the owner of Longbranch.

119. After Duda rejected Jacobus's acts of sexual harassment, Defendants terminated her employment.

120. Defendants terminated Duda's employment because she rejected Jacobus's acts of sexual harassment.

121. As a direct and proximate result of Defendants' conduct, Duda suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT IV: QUID PRO QUO SEXUAL HARASSMENT IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (All Defendants)

122. Duda restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

123. During her employment, Duda was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors by her supervisor, Jacobus.

124. The harassment against Duda was based on her gender.

125. Duda's submission to the unwelcome sexual advances by Jacobus was an express or implied condition for receiving job benefits and/or continued employment.

126. Duda's rejected Jacobus's acts of sexual harassment.

127. Jacobus is the owner of Longbranch.

128. After Duda rejected Jacobus's acts of sexual harassment, Defendants terminated her employment.

129. Defendants terminated Duda's employment because she rejected Jacobus's acts of sexual harassment.

130. As a direct and proximate result of Defendants' conduct, Duda suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V:  RETALIATION IN VIOLATION OF TITLE VII

### (Defendant Longbranch)

131. Duda restates each and every prior paragraph of this complaint, as if it were fully restated herein.

132. As a result of Jacobus's discriminatory conduct described above, Duda opposed the sexual harassment she was experiencing.

133. Subsequent to Duda's opposing sexual harassment, Defendants terminated Duda's employment.

134. Defendants' actions were retaliatory in nature based on Duda's opposition to the unlawful discriminatory conduct.

135. Pursuant to Title VII, it is an unlawful discriminatory practice to retaliate against an employee for opposing unlawful discrimination.

136. As a direct and proximate result of Defendants' conduct, Duda suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VI:  RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (All Defendants)

137. Duda restates each and every prior paragraph of this complaint, as if it were fully restated herein.

138. As a result of Jacobus's discriminatory conduct described above, Duda opposed the sexual harassment she was experiencing.

139. Subsequent to Duda's opposing sexual harassment, Defendants terminated Duda's employment.

140. Defendants' actions were retaliatory in nature based on Duda's opposition to the unlawful discriminatory conduct.

141. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

142. As a direct and proximate result of Defendants' conduct, Duda suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VII: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION

**(Defendant Jacobus)**

143. Duda restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

144. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

145. Jacobus aided, abetted, incited, coerced, and/or compelled Longbranch's discriminatory termination of Duda.

146. Jacobus aided, abetted, incited, coerced, and/or compelled Longbranch's discriminatory treatment of Duda.

147. Jacobus violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

148. As a direct and proximate result of Jacobus's conduct, Duda has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Duda respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendants retroactively to restore Duda to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Duda for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Duda's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                                                Respectfully submitted,

                                                */s/ Trisha Breedlove*_____
                                                Trisha Breedlove (0095852)
                                                Paul Filippelli (0097085)
                                                **THE SPITZ LAW FIRM, LLC**
                                                1103 Schrock Road, Suite 307
                                                Columbus, Ohio 43229
                                                Phone: (216) 291-4744
                                                Fax:   (216) 291-5744
                                                Email: trisha.breedlove@spitzlawfirm.com
                                                Email: paul.filippelli@spitzlawfirm.com
                                                *Attorneys for Plaintiff Rebecca Duda*

13

## JURY DEMAND

Plaintiff Duda demands a trial by jury by the maximum number of jurors permitted.

                                                                             */s/ Trisha Breedlove*
                                                                             Trisha Breedlove (0095852)
                                                                             Paul Filippelli (0097085)